```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
WALDEN FEDERAL SAVINGS AND LOAN         :
ASSOCIATION,                            :   09 Civ. 1042  (DLC)
                    Plaintiff,          :
                                        :   MEMORANDUM OPINION
          -v-                           :       & ORDER
                                        :
THE SLANE COMPANY, LTD., CHARLES SLANE, :
and DANIEL SLANE,                       :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On February 5, 2009, plaintiff Walden Federal Savings and Loan Association ("Walden") filed this action against The Slane Company, Ltd., Charles Slane, and Daniel Slane (collectively, "Slane") for breach of a loan guaranty.

Walden filed a motion for summary judgment on July 3, 2010. Slane opposed the motion on the ground that it was improperly served and filed but did not address the merits of Walden's arguments. Thus, to date there has been no substantive opposition to the motion for summary judgment.

The matter was reassigned to this Court on November 15, 2010. At an initial pretrial conference on December 10, Slane admitted that it had defaulted on the loan guaranty but argued that its performance was rendered temporarily impracticable by the ongoing crisis in the financial markets. By Order of

December 22, the Court required the parties to submit letter briefs on the availability of the defense of "temporary commercial impracticability" under New York law.  The issue was fully briefed on February 11, 2011.

For the reasons discussed at length in the Seventh Circuit's decision in Hoosier Energy Rural Electric Cooperative, Inc. v. John Hancock Life Insurance Co., 582 F.3d 721 (7th Cir. 2009), the defense of temporary commercial impracticability is unavailable under New York law.  The Hoosier court explained that New York "takes a very dim view of 'impossibility' defenses" and only recognizes the kind of impossibility that "upsets all parties' expectations; it is not enough that the unexpected event puts one side in a bind."  Id. at 728-29.  Thus, "New York courts refuse to excuse performance where difficulty is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy."  Id. at 728.  Further, the Seventh Circuit noted that New York courts have "never suggested that, when an impossibility defense is unavailable, a 'temporary commercial impracticability' defense might serve instead."  Id.

Slane's reliance on the decision in Twin Holdings of Delaware LLC v. CW Capital, LLC, CW, 906 N.Y.S.2d 784 (Sup. Ct. 2010), is unavailing.  Indeed, the Twin Holdings court dismissed a cause of action seeking a declaration that the plaintiffs were

"temporarily excused" from performance of a loan agreement because of the financial crisis. Id. at *6.

In sum, New York courts do not recognize the defense of temporary commercial impracticability. This Opinion does not address the extent to which Slane may rely on the defense of impossibility.

The following schedule shall govern the response to the motion for summary judgment in this case. Any opposition to Walden's motion for summary judgment shall be served by April 29. Walden's reply, if any, shall be served by May 6. At the time any reply is served, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:   New York, New York
         April 5, 2011

                              _____
                                      DENISE COTE
                              United States District Judge